U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 NOV 1 AM 10 18

CLERK

BY _____ CLS
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| GENE POULIOT and <br> JOY POULIOT <br><br> v. <br><br> MMG INSURANCE COMPANY | * <br> * <br> * <br> * <br> * <br> * | Civil Action <br> Docket No. <br><br> 2:04-cv-300 |

# COMPLAINT

NOW COME the Plaintiffs, Gene Pouliot and Joy Pouliot, by and through their attorneys, Langrock Sperry & Wool, LLP, and complains of Defendant as follows:

1.  Plaintiffs Gene Pouliot and Joy Pouliot reside in Addison, Vermont and are citizens of the State of Vermont. At all times material to this Complaint, Gene Pouliot and Joy Pouliot were husband and wife.

2.  Defendant MMG Insurance Company (hereinafter referred to as "MMG") is a corporation duly organized and existing under the laws of the State of Maine with a principal place of business located in Presque Isle, Maine. Accordingly, MMG is a citizen of the State of Maine pursuant to 28 U.S.C. §1332(c).

3.  Upon information and belief, MMG has conducted its insurance business in the State of Vermont since 1981.

4.  This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C.§1332 given that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

5.  On March 9, 2003, Mr. Pouliot was a passenger in a vehicle owned and driven by Francis Welch ("Welch").

LANGROCK SPERRY
& WOOL LLP

6. The Welch vehicle was traveling west-bound on Route 15 in Underhill, Vermont when a vehicle driven by Pamela Ruhl negligently crossed the centerline of the road, and hit the Welch vehicle head-on.

7. Pamela Ruhl's actions violated inter alia, 23 V.S.A. §1031, and her negligence was the proximate cause of the accident and Mr. Pouliot's resulting injuries and damages.

8. As a direct and proximate result of Pamela Ruhl's negligence, Mr. Pouliot sustained severe and permanent injuries, incurred medical expenses, lost wages, and sustained other bodily injury damages.

9. As a direct and proximate result of Pamela Ruhl's negligence, Joy Pouliot has suffered the loss of the services, cooperation and society of her husband, Gene Pouliot.

10. Francis Welch, the owner and driver of the vehicle in which Mr. Pouliot was a passenger at the time of the accident, also sustained serious injuries as a direct and proximate result of Ruhl's negligence.

11. At the time of the collision, Mr. Pouliot owned a personal automobile policy (No. AC10907635) purchased from Defendant MMG Insurance Company. The uninsured/underinsured coverage limits applicable to Mr. Pouliot's MMG policy are $500,000 for each occurrence.

12. The Welch vehicle involved in the collision was insured by Mr. Welch under a Commercial Policy with MMG. The uninsured/underinsured coverage limits applicable to the Welch MMG policy are $300,000 for each occurrence.

13. At the time of the aforementioned collision, Ruhl was a named insured under an automobile policy issued by Integon General Insurance Corporation/GMAC Insurance (hereinafter "GMAC"). The liability policy limits under the GMAC policy issued to Ruhl

applicable to the above-referenced accident were, inter alia, $25,000.00 per person and $50,000 per accident.

14. MMG authorized Plaintiff Gene Pouliot to settle with GMAC for the full amount of the policy limits ($25,000.00), with respect to the March 9, 2003 collision described above, and further authorized Gene Pouliot to execute a Hold Harmless Agreement pertaining to Ruhl and GMAC for damages arising out of the subject accident.

15. Accordingly, on or about May 19, 2004, Gene Pouliot executed a Hold Harmless Agreement in favor of Ruhl and GMAC, in exchange for payment by GMAC to Mr. Pouliot of the per person policy limits of $25,000.00.

16. Upon information and belief, MMG also consented to Welch's settlement with GMAC in the amount of $25,000.

17. Mr. Pouliot's damages resulting from Ruhl's negligence are in excess of $100,000.

18. Welch has claimed damages in excess of $275,000.

19. A dispute has arisen between MMG and the two injured occupants of the Welch vehicle (Gene Pouliot and Francis Welch) as to apportionment of the underinsured motorist coverage of $300,000 on the Welch vehicle.

20. MMG states that Welch and Mr. Pouliot must apportion the Welch coverage amongst themselves, and that it is entitled to a $50,000 offset because of the two $25,000 payments made by the insurance company for Ruhl.

21. Pursuant to 28 U.S.C. §2201, Plaintiffs seeks a declaratory ruling that Welch and Pouliot are not required to apportion their respective damages under the MMG policy issued to Welch given that, inter alia:

(a)   Welch's damages resulting from Ruhl's negligence exceed the policy limits under the Welch MMG Commercial policy;

(b)   Pouliot is entitled to recover his remaining bodily injury damages against MMG under his own policy with MMG.

22.   Pursuant to 28 U.S.C. §2201, Plaintiffs seek a declaratory ruling that at most MMG is entitled to a $25,000 offset on the Welch MMG commercial policy.

23.   Plaintiffs request the award of monetary damages to them from MMG for the bodily injuries Mr. Pouliot sustained in the collision on March 9, 2003 under the MMG insurance policies providing uninsured motorist coverage.

WHEREFORE, Plaintiffs respectfully request as follows:

1.   That Judgment be entered in Plaintiffs' favor against Defendant MMG Insurance Company.

2.   That Plaintiffs be awarded compensatory damages, interest, costs and such other relief as the Court deems equitable and just.

3.   That, pursuant to 28 U.S.C. §2201, Plaintiffs be awarded the above requested declaratory relief.

### JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

DATED at Middlebury, Vermont this 29 day of October, 2004.

LANGROCK SPERRY & WOOL, LLP

_____
James W. Swift, Esq.
Attorneys for Plaintiffs

LANGROCK SPERRY & WOOL LLP

311779.1